UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PEDRO VEGA,

                Plaintiff,

      v.

DANIEL W. HATFIELD, et al.,

                Defendants.
_____

DECISION & ORDER

09-CV-6346L

        Plaintiff Pedro Vega ("Vega") has filed the above-captioned matter under 42 U.S.C. § 1983 alleging that defendants assaulted him on January 8, 2007. (Docket # 1). Currently pending before this Court is a motion by defendants for a protective order to limit the manner in which Vega may review an investigative report prepared by the New York State Department of Correctional Services Inspector General's Office (the "IG report") related to the incident at issue in this lawsuit. (Docket # 20). Also pending is Vega's motion to compel certain discovery responses. Because defendants represent that they have now produced the requested discovery (Docket ## 24, 29), Vega's motion to compel is denied as moot. For the reasons discussed below, defendants' motion for a protective order is denied.

        On May 18, 2010, this Court entered an order directing defendants to provide plaintiff with "any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose." (Docket # 18 at ¶ 3). The order also provided for production *in camera* if defendants believed

that "production of any of the required documents may disrupt or interfere with prison discipline or procedures." (*Id.*).

On July 30, 2010, defendants produced for *in camera* review a copy of the IG report. Upon review of the report, this Court ordered defendants to file a motion for a protective order in the event they believed that non-disclosure was justified. (Docket # 19). Defendants now contend that the IG report falls within the "law enforcement privilege." (Docket # 20). Defendants urge the Court to order that the report be made available to Vega for his review and note-taking, but to prohibit him from retaining a copy of the report. (*Id*. at 6). Vega opposes the protective order. (Docket # 22).

The Second Circuit recently addressed the law enforcement privilege in *In re City of New York*, holding that the Court must first determine whether the party asserting the privilege has demonstrated that the documents at issue qualify for protection. 607 F.3d 923, 944 (2d Cir. 2010). To do so, the party bears the burden of demonstrating that the documents contain: "information pertaining to 'law enforcement techniques and procedures,' information that would undermine 'the confidentiality of sources,' information that would endanger 'witness and law enforcement personnel [or] the privacy of individuals involved in an investigation,' and information that would 'otherwise . . . interfere[] with an investigation.'" *Id*. (quoting *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)).

In the case at bar, defendants contend that the report contains confidential information revealing the manner in which the Inspector General conducts investigations, the dissemination of which could undermine prison security systems. (Docket # 20 at 2-4). Upon review of the IG report, I disagree. Defendants' articulated concerns rest upon hypothetical

scenarios not presented by the instant case. Vega's allegations involve an assault. The report reveals that the Investigator General interviewed the alleged participants and witnesses to the assault, all of whom are defendants in the instant action. The report recounts no interviews of confidential informants, nor reveals sensitive or confidential law enforcement investigative techniques. Further, defendants do not maintain that any of the witnesses named in the report would be endangered if the report were revealed to Vega.

Thus, I find that defendants have failed to satisfy their burden to demonstrate that the IG report at issue in this case qualifies for protection under the law enforcement privilege. There is no question that an investigative report regarding the events alleged in plaintiff's complaint is otherwise relevant and discoverable. *See* Fed. R. Civ. P. 26.

Accordingly, defendants' motion for a protective order **(Docket # 20)** is **DENIED**. Defendants shall produce the IG report to Vega by no later than **October 14, 2011**. Further, as discussed above, plaintiff's motion to compel **(Docket # 24)** is **DENIED as MOOT**. **IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
    September  19 , 2011