UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PEDRO VEGA,

                Plaintiff,

        v.

DANIEL W. HATFIELD, et al.,

                Defendants.
_____

DECISION & ORDER

09-CV-6346G

**PRELIMINARY STATEMENT**

On July 9, 2009, *pro se* plaintiff, Pedro Vega ("Vega"), filed this lawsuit against the New York State Department of Corrections[1] and various individual corrections officers ("defendants") alleging constitutional and state law claims arising from an incident that occurred on January 8, 2007, during which the defendants allegedly assaulted Vega. (Docket # 1). On April 16, 2012, Vega filed a motion to compel discovery and for sanctions. (Docket # 34). For the following reasons, I grant Vega's motion to compel, but decline to award sanctions.

**FACTUAL BACKGROUND**

Vega seeks to compel defendants to produce an investigative report relating to the incident at issue in the lawsuit that was prepared by the New York State Department of Correctional Services Inspector General's Office (the "IG report"). (*Id.*). The defendants previously had sought a protective order limiting the manner in which Vega could review the IG

---

[1] The New York State Department of Corrections has been dismissed from this case. (Docket # 31).

report. (Docket # 20). This Court denied defendants' request for a protective order and directed defendants to produce the IG report by no later than October 14, 2011. (Docket # 33).

On October 14, 2011, counsel for the defendants had a telephone conference with Vega in order to explore settlement negotiations. (Docket # 34; Docket # 36 at ¶ 3). During the conference, Vega agreed to suspend discovery, including production of the IG report, while the parties explored a resolution of the matter. (Docket # 34; Docket # 36 at ¶ 3; Docket # 36-1 at 1). On October 20, 2011, Vega sent a settlement demand to defendants. (Docket # 34; Docket # 36-1 at 2). Defendants did not immediately respond to Vega's demand, and he wrote to defendants on November 21, 2011, requesting a response to his demand by November 30, 2011. (Docket # 38 at Exhibit ("Ex.") B). Defendants responded on December 5, 2011, requesting that plaintiff clarify his settlement demand. (Docket # 36-1 at 3).

The parties continued to correspond regarding a possible settlement, but were unable to reach a resolution. (Docket # 36-1 at 4-6; Docket # 38 at Exs. C, D and E). Vega contends that defendants did not conduct the settlement negotiations in good faith, but merely used the negotiations as an excuse to delay production of the IG report. (Docket # 38 at ¶¶ 4-5). On February 27, 2012, Vega requested that the defendants respond to his settlement demand so that he could determine whether to proceed with the litigation. (*Id.* at Ex. E). When he received no satisfactory response from defendants, Vega sought intervention from the Court. (Docket # 34). Defendants counter that they negotiated in good faith, but were unsuccessful in obtaining clarification of Vega's settlement demand. (Docket # 36 at ¶¶ 5-7).

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "[D]istrict judges enjoy wide discretion in sanctioning litigants appearing before them." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)). Imposition of fees for violations of Rule 37(b) may be denied where the failure to comply was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, the parties agreed to extend the deadline for the production of the IG report while the parties engaged in settlement negotiations. A review of the correspondence reveals that the parties were ultimately unable to reach a resolution. Accordingly, discovery should resume, and the defendants should produce the IG report. With respect to the request for sanctions, on the record before me, I conclude that sanctions are not warranted. The parties had agreed to a suspension of discovery pending the outcome of settlement discussions, and therefore I find that the defendants were substantially justified in delaying production while those negotiations were ongoing.

**CONCLUSION**

Accordingly, Vega's motion to compel and for sanctions **(Docket # 34)** is **GRANTED in part and DENIED in part**. Defendants are directed to produce the IG report by no later than **March 22, 2013.**

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated:  Rochester, New York
          March  6 , 2013