UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

PEDRO VEGA,

                       Plaintiff,

v.                                                DECISION & ORDER

                                               Case # 09-CV-06346-FPG

DANIEL W. HATFIELD,
MATTHEW A. MANN,
EDWIN MENDEZ, CORRECTIONAL OFFICER;
ANDREW OLIVIERI, CORRECTIONAL OFFICER;
RICHARD BEALL, CORRECTIONAL SERGEANT,

                       Defendants.
───────────────────────────────

## INTRODUCTION

Plaintiff Pedro Vega ("Plaintiff"), who is proceeding *pro se,* is an inmate in the custody of the New York State Department of Corrections at Wende Correctional Facility. Plaintiff commenced this action alleging his First and Eighth Amendment rights were violated under the United States Constitution and 42 U.S.C. § 1983.

In his Complaint, Plaintiff asserts 11 causes of action alleging excessive use of force, sexual misconduct and negligence by C.O Daniel W. Hatfield ("Hatfield"), C.O. Matthew A. Mann ("Mann"), C.O. Edwin Mendez ("Mendez"), C.O. Andrew Olivieri ("Olivieri"), as well as allegations of failure to intervene against Sergeant Richard Beall ("Beall") (collectively, "Defendants"). Dkt. # 1. All Defendants are correctional officers employed by the State of New York and Sergeant Beall is the correctional supervisor for all other Defendants. Plaintiff's 1st Cause of Action alleges Hatfield engaged in sexual misconduct and violated Plaintiff's Eighth Amendment Right. The 2nd, 4th, 5th, 6th, 7th, and 8th Causes of Action allege Defendants Hatfield, Olivieri, Mann, and Mendez engaged in excessive force against Plaintiff. In the 3rd, 9th, and 11th

Causes of Action, Plaintiff alleges that Defendants Mann, Olivieri, and Beall failed to intervene on Plaintiff's behalf to defend his Constitutional rights. In the 10th Cause of Action, Plaintiff alleges that Defendants Hatfield, Mann, Olivieri, Mendez, and Beall were negligent in their various activities.

Currently before the Court is Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, as well as Plaintiff's Cross Motion for Partial Summary Judgment and Response to Defendants' Motion for Summary Judgment, respectively. Dkt. ## 48, 51. For the reasons that follow, Defendants' Motion for Summary Judgment is granted in part and denied in part. Plaintiff's Cross Motion for Partial Summary Judgment is denied in all respects.

## FACTUAL BACKGROUND

Plaintiff alleges that on January 8, 2007, Defendant Hatfield, stopped him outside his cell when Plaintiff was walking to a medical checkup. Compl. ¶¶ 13, 15. Hatfield ordered Plaintiff to assume the pat frisk position. Compl. ¶ 16. Plaintiff asked why he was the only one being stopped and Hatfield responded, "it's your turn to get molested," and intentionally and forcibly touched Plaintiff's genitals three times during the pat frisk. *Id.* Plaintiff alleges that Hatfield stated, "this is what I like" (after gratifying himself a second time). Compl. ¶ 20. Plaintiff was then informed by Hatfield that they were "almost finished" when, for a third time, Hatfield gratified himself by groping the Plaintiff's private. Compl. ¶ 24. Plaintiff told Hatfield he felt his actions were inappropriate and would be filing a grievance against him. *Id.*

Thereafter, Hatfield struck Plaintiff in the face and head numerous times until Plaintiff fell to the floor. During that time Hatfield stated, "you won't be filing a grievance for quite some time." Compl. ¶ 28. Three other Defendants present at the scene, Olivieri, Mendez, and Mann, joined the assault on the Plaintiff. Hatfield and Olivieri continued beating Plaintiff on the floor

while Mann held Plaintiff's legs. Compl. ¶ 37. Thereafter, Defendant Mann continued to hold Plaintiff's legs as Olivieri smashed Plaintiff's head on the floor. Compl. ¶ 31. As a result, Plaintiff received a laceration above his left eye and loss of consciousness. *Id.* After he regained consciousness, Plaintiff claims he was amongst a group of officers including Sergeant Beall. Compl. ¶ 32. Beall ordered Defendant Mendez to lift Plaintiff off the floor, as Mendez performed the action he punched Plaintiff in the stomach without provocation and Beall did not intervene. Compl. ¶¶ 33, 34. Defendants deny that the Plaintiff was touched inappropriately or that excessive force was used against him. Dkt. # 48.

Defendants have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's Complaint does not sufficiently allege (1) unconstitutional conduct occurred during the pat frisk; (2) that Defendants engaged in the use of excessive force and (3) that Defendant Beall failed to intervene. In response, Plaintiff has moved for partial summary judgment on the excessive force, failure to intervene, and sexual misconduct claims on the grounds that Defendants have failed to submit evidence rebutting Plaintiff's allegations.

## DISCUSSION

### I. Summary Judgment Standard

Under Rule 56(c), summary judgment is appropriate where the papers and affidavits submitted by the parties "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Furthermore, the moving party bears the burden of proving there is no genuine issue of material fact. In order for the non-moving party to survive a summary judgment motion, they must "make a showing sufficient to establish the existence of an element essential to the

party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When a plaintiff is filing *pro se,* courts should interpret the litigants papers to raise the strongest arguments that they could suggest. *Reyes v. McGinnis*, No. 00-CV-6352-CJS, 2003 WL 23101781, at *2 (W.D.N.Y. Apr. 10, 2003). The *pro se* litigant must, however, make "specific allegations of fact indicating a deprivation of rights, instead of general conclusions that have no meaning." *Id.*

## II.    42 U.S.C § 1983

In order for a *pro se* plaintiff to claim a Constitutional violation, they must do so pursuant to 42 U.S.C. § 1983. Under the statute, a Plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Rand v. Perales*, 737 F.2d 257, 260 (2d Cir. 1984).

## III.   Pat Frisk

Defendants argue Plaintiff's sexual misconduct claims should be dismissed for failure to state a claim upon which legal remedy can be granted. Dkt. # 48. Defendants claim there is no Constitutional violation when a corrections officer touches an inmate's genitals during a pat frisk. *Id.* Plaintiff argues that Defendants have failed to provide any admissible evidence denying the sexual misconduct allegation and therefore should be granted summary judgment in his favor. Dkt. # 51.

The Eighth Amendment sets boundaries on the conditions of imprisonment and allows inmates to remain free from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Amendment embodies the standards of dignity, civilized standards, and decency.

4

*Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The court in *Estelle* held against punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society." In order for an instance of sexual misconduct to rise to the level where it is in violation of an inmate's Constitutional rights, the event must meet an objective and subjective standard. *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

Under the objective standard, the conditions and acts, under contemporary standards, must be cruel and unusual. *Id.* This component is deemed to be contextual and responsive to "contemporary standards of decency." *Estelle, supra*, 429 U.S. at 103. Further "unnecessary and wanton infliction of pain" on a prisoner is sufficient to find a constitutional violation. *Fisher v. Goord*, 981 F. Supp. 140, 171-172 (W.D.N.Y. 1997) (quoting *Boddie*, 105 F.3d at 861). Wantonness is defined as "a reckless or malicious and intentional disregard of the property, rights, or safety of others, implying, actively, a licentious or contemptuous willingness to injure and disregard of the consequences to others, and, passively, more than mere negligence, that is, a conscious and intentional disregard of duty." *Black's Law Dictionary* (2d Ed. 2014), *available at* Westlaw BLACKS.

The Second Circuit has addressed the sexual contact of corrections officers toward prisoners and has held contact with genitals, during pat frisks, does not always validate a claim under the Eighth Amendment. *Boddie*, 105 F.3d at 861. (Holding that despite engaging in several instances of alleged sexual harassment, including physical and verbal (grabbing, touching, holding, and speaking), the corrections officer's actions did not rise to Constitutional proportions).

Furthermore, this District has addressed what contact is permissible within the scope of a pat frisk.

> It is obvious that, any manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although 'grabbing' and 'tugging' could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of pain" so long as it occurs as part of an otherwise justified search.

*Davis v. Castleberry*, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (quoting *Cherry v. Frank*, No. 03-C-129, 2003 WL 23205817, at *12 (W.D.Wis. Dec. 4, 2003).

In order for Plaintiff to satisfy the objective element, he must put forth evidence showing that officer Hatfield exhibited "unnecessary and wanton infliction of pain" on him during the pat frisk. *Goord*, 981 F. Supp. at 172. Here, Plaintiff did not supply such evidence. Defendants concede that a pat frisk did occur. Compl. ¶ 16, Dkt. # 48. Plaintiff alleges Hatfield intentionally and forcibly touched his penis and testicles. Compl. ¶ 19. In addition, Plaintiff alleges that Hatfield groped his genitals as well. Compl. ¶ 23. This district has held that "some amount of manipulation of the genitals" is required to accomplish the purpose of a pat frisk. *Davis*, 364 F.Supp. 2d at 321. Therefore, "intentional and forcible touching" (Compl. ¶ 19) must be alleged in order to raise a Constitutional violation.

Plaintiff claims that Hatfield "groped" his private while Defendants use the term "fondle." Compl. ¶ 23, Dkt. # 48. The term groping is defined as, "to touch (someone) in an unwanted and unexpected sexual way." "Grope" *Merriam-Webster Online Dictionary* 2004. http://www.merriam-webster.com (9 Jul. 2014). Additionally, fondle is defined as, "to show affection or desire by caressing." "Fondle" *Merriam-Webster Online Dictionary* 2004. http://www.merriam-websster.com (9 Jul. 2014). Both parties use their terms to define the alleged contact that occurred between Plaintiff and Hatfield, however, use of these terms in and of themselves does not establish evidence necessary to satisfy the objective requirement.

Defendants properly conclude that the alleged sexual misconduct must exhibit a "wanton infliction of pain" in order to rise to a constitutional violation. *Goord*, 981 F. Supp. at 172. In this case, Plaintiff does not allege that he was in any pain as a result of the pat frisk. Dkt. # 1. Consequently this court finds, Plaintiff's sexual misconduct claim lacks sufficient evidence to show Hatfield's actions were objectively serious enough to violate Plaintiff's Constitutional rights.

Under the subjective standard, it must be shown that the corrections officer had a "sufficiently culpable state of mind." *Goord*, 981 F. Supp. at 172. The officer's state of mind must show signs of wantonness and indifference toward the prisoner. *Id.* Here, Plaintiff alleges Defendant Hatfield stated, "this is what I like" and "it's your turn to get molested." Compl ¶¶ 16, 21. Both statements help exhibit Hatfield's culpable state of mind during the pat frisk and thereby establish the subjective element; however, there are insufficient factual allegations to establish the objective criteria. Consequently, Plaintiff's claim must fail.

Therefore, Plaintiff's 1st Cause of Action is DISMISSED.

**IV.    Excessive Force**

Although Defendants concede that a factual issue exists regarding the excessive force claim, they contend Plaintiff has failed to establish that any alleged force violated his Constitutional rights. Defendants admit that a use of force did occur. Dkt. # 48. However, Plaintiff misconstrues Defendants' admission as a concession that excessive force was utilized; Defendants claim only reasonable force was used. Defendants' claim of reasonable force, if proven, would not be a Constitutional violation. Therefore, the Plaintiff's Motion for Partial Summary Judgment must be denied.

The Second Circuit has held a plaintiff must meet both objective and subjective requirements when alleging excessive force. *Murray v. Johnson No. 260*, 367 Fed. App'x 196, 198 (2d Cir. 2010). To satisfy the objective standard, plaintiffs must prove the violation is serious or harmful enough. This is context specific and turns upon a standard of decency. *Id.* A minimal use of force will rarely be sufficiently serious enough. *Id.* For instance, not all contact, even if unnecessary, rises to the level of violating a prisoner's Constitutional rights. *Id.*

To satisfy the subjective requirement, Plaintiff must prove the Defendants acted with a wanton state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To establish wantonness, Plaintiff must prove that the force applied was not in a good faith effort to maintain or restore discipline, but used maliciously or sadistically to cause the alleged harm. *Id.* "One acts maliciously by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts sadistically by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994). The Plaintiff's allegation that one or more of the Defendants repeatedly punched him and smashed his head on the ground satisfies this requirement.

Therefore, because the Plaintiff alleges that the Defendants used excessive force while the Defendants claim the force used was reasonable, an issue of fact exists for trial. Consequently, Defendants Hatfield, Mann, Olivieri, and Mendez's Motion for Summary Judgment on the excessive force claim as to the 2nd, 4th, 5th, 6th, 7th, 8th Causes of Action is denied. Plaintiff's Cross Motion for Partial Summary Judgment to those same Causes of Action is also denied.

## V. Negligence

Plaintiff alleges in the 10th Cause of Action, that all Defendants acted negligently. Specifically, Plaintiff alleges that Defendant Hatfield was negligent in his duty when he suddenly attacked Plaintiff, Defendants Mann and Olivieri were negligent in that they failed to act and prevent the Plaintiff from sustaining injuries, Defendant Mendez was negligent in inflicting further physical force on the Plaintiff, and finally, Defendant Beall was negligent in his duty by failing to take control of the situation. Compl. ¶¶ 55-60. The Supreme Court has held state officials cannot be held liable for mere negligence under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that in any given § 1983 suit, the plaintiff must still prove a violation of the underlying Constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim). Plaintiff, in his Cross Motion for Summary Judgment, has conceded to the dismissal of the 10th Cause of Action alleging negligence against all Defendants. Dkt. # 51.

Therefore, the 10th cause of action is DISMISSED.

## VI. Failure to Intervene

Plaintiff alleges in the 3rd, 9th, and 11th Causes of Action that Defendants Beall, Mann, and Olivieri are liable for failure to intervene. Compl. ¶ 59. The only Defendant that may be held liable for the negligent failure to intervene is Sergeant Beall, as he was the only supervisor.

Supervisor liability is well settled law within the Second Circuit. The Circuit states a supervisor must have personal involvement within his individual capacity in order to be held liable under a § 1983 action. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). In order for a supervisory defendant to be held liable for a Constitutional violation committed by a subordinate, he/she must have (1) participated directly in the alleged constitutional violation; (2) supervisor,

9

after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Defendants concede there is an issue of fact regarding Sergeant Beall's failure to intervene. This Court finds an issue of fact exists pursuant to factor (4) above, specifically with respect to whether Beall acted with gross negligence in his supervision of Mendez, Mann, Hatfield, and Olivieri. Gross negligence is defined as acting with deliberate indifference. *Poe v. Leonard*, 282 F.3d 123 (2d Cir. 2002). Whether Beall allegedly allowed his subordinates to violate the Plaintiff's Constitutional rights by acts of gross negligence is an issue of fact for trial. Dkt. # 1.

Defendants Motion for Summary Judgment regarding Defendant Beall on the 9th and 11th Causes of Action is denied; however, the Motion for Summary Judgment as to Defendants Mann and Olivieri on the 3rd and 11th Causes of Action is GRANTED. Additionally, Plaintiff's Motion for Summary Judgment is DENIED on the 3rd, 9th and 11th Causes of Action.

## CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment (Dkt. # 48) as against them is granted in part and denied in part. Defendants' motion is granted for Plaintiff's 1st Cause of Action, alleging sexual misconduct by Defendant Hatfield during the pat frisk. Defendants' motion is also granted for Plaintiff's 10th Cause of Action, alleging negligence by all Defendants. The Defendants' Motion for Summary Judgment as to Defendants Mann and Olivieri, for their

10

failure to intervene on the 3rd, 10th, and 11th Causes of Action is granted, but Summary Judgment as to the failure to intervene for Sergeant Beall in the 9th and 11th Causes of Action is denied. Defendants' motion is denied on the excessive force claims in the 2nd, 4th, 5th, 6th, 7th, and 8th Causes of Action as to Defendants Hatfield, Mann, Olivieri, and Mendez. Plaintiff's Cross Motion for Partial Summary Judgment on all Causes of Action is denied.

IT IS SO ORDERED.

Dated: July 23, 2014
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge